IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES WATSON,

      Plaintiff,                      No. CIV S-07-0754 MCE EFB PS

      vs.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,

      Defendant.                ORDER

_____/

      This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

1

defendant.

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Upon review of the complaint, the court has determined that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which sets forth general rules of pleading for the federal courts. Rule 8(a) requires a complaint to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The complaint fails to meet the first two of these requirements.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*,

1  93 F.3d 593, 594-95 (9th Cir. 1996).

2  Here, the complaint makes several references to federal regulations, in particular to 20
3  C.F.R. 10.105(a) and (d), and 10.100(b). Mere reference to these federal regulations, however,
4  does not confer jurisdiction.

5  Part 10 to Title 20 of the Code of Federal Regulations concerns claims for compensation
6  under the Federal Employees' Compensation Act ("FECA"). District courts do not ordinarily
7  have jurisdiction over claims made pursuant to FECA. 5 U.S.C. § 8128(b) (providing that the
8  Secretary of Labor's decision regarding an award or denial of benefits is "final and conclusive
9  for all purposes" and "not subject to review by another official of the United States or by a court
10 by mandamus or otherwise."); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985);
11 *Markham v. United States*, 434 F.3d 1185, 1188 (9th Cir. 2006).

12 Two narrow exceptions exist to this jurisdictional bar. *Markham*, 434 F.3d at 1187.
13 Courts retain jurisdiction to consider (1) constitutional challenges, or (2) claims for violation of a
14 clear statutory mandate or prohibition. *Id.* (citations omitted). However, a plaintiff may not
15 transform a "garden variety administrative action into a case of constitutional magnitude" by
16 cloaking it in constitutional terms. *Id.*, at 1187-88 (citing *Czerkies v. United States Dep't of*
17 *Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996)).

18 In the present case, plaintiff does not appear to raise a constitutional challenge or to
19 allege a violation of a "clear statutory mandate or prohibition." Rather, it appears that he seeks
20 review of a denial of his claim for worker's compensation benefits. (Plaintiff alleges that he is a
21 former employee of the U.S. Postal Service.) Specifically, plaintiff asks the court to make the
22 U.S. Postal Service pay him "loss Workers compensation benefits and other actual expenses or
23 costs . . . back interest pay on [his] loss compensation benefits, [and to] upgrade [his] annuity
24 from totally disability for a custodial laborer to totally disabled for all job employment."
25 Complaint, at 14:10-16.
26 ////

1  As part of these claims, plaintiff appears also to allege that defendant discriminated
2 against him on the basis of his "mental disabilities" by failing adequately to consider all
3 available evidence regarding those mental disabilities. *See, e.g.,* Complaint, at 8:5-13.  Plaintiff
4 does not set forth the legal basis for his "discrimination" claim.  Indeed, plaintiff's allegations in
5 this vein amount to little more than a request for review of the administrative decision regarding
6 his FECA claims, which this court has no jurisdiction to consider, as discussed above.

7  These apparent jurisdictional deficiencies aside, plaintiff has also failed to set forth a
8 short and plain statement of his claim showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).
9 Because plaintiff has failed to establish this court's jurisdiction and to state a cognizable claim
10 for relief, the court must dismiss the complaint.  Nonetheless, in light of the liberal construction
11 applied to pro se pleadings, the court will grant plaintiff leave to amend his complaint to state a
12 claim and, if he is able, to allege facts establishing this court's subject matter jurisdiction.

13  If plaintiff chooses to file an amended complaint, he is informed that the court cannot
14 refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220
15 requires that an amended complaint be complete in itself.  This is because, as a general rule, an
16 amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
17 Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves
18 any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the
19 original complaint which are not alleged in the amended complaint," *London v. Coopers &*
20 *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
21 are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

22  Finally, the court addresses plaintiff's request for appointment of counsel.  Under 28
23 U.S.C. § 1915(d), the court may designate counsel to represent an indigent civil litigant in
24 certain exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991);
25 *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85,
26 87 (9th Cir. 1988).  In considering whether exceptional circumstances exist, the court must

evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017.   The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's request for appointment of counsel is denied;

3. Plaintiff's complaint is dismissed with leave to amend; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE