IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES WATSON,

        Plaintiff,                  No. CIV S-07-0754 MCE EFB PS

    vs.

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

        Defendant.             <u>ORDER</u>

_____/

        This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 24, 2007, the court, pursuant to 28 U.S.C. § 1915, granted plaintiff leave to proceed *in forma pauperis* and dismissed the complaint with leave to amend for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff filed an amended complaint on June 22, 2007.

        Although both the original and amended complaint are rambling, over inclusive of evidentiary detail and at times incoherent, it is apparent that plaintiff wishes this court to award him past worker's compensation benefits and interest based on alleged errors by the Office of Workers' Compensation Programs of the United States Department of Labor ("OWCP") in

////

deciding his FECA claim.[1] *See* First Amended Complaint ("FAC"), at 14:18-26. Plaintiff, a former United States Postal Service employee whose employment apparently ended in 1975, seeks review of a denial of worker's compensation benefits stemming from alleged physical and mental conditions incurred during the course of his employment. *See* Exhibit entitled "Medical Evidence In Support of My Discrimination Complaint" submitted by plaintiff on April 23, 2007, at pp. 77-79.[2] It appears that plaintiff's original claim was denied initially in 1975, and that there have since been 18 subsequent denial decisions. *Id.*; FAC, at p. 6. Plaintiff claims the OWCP erred in denying him benefits by ignoring evidence that his mental condition began as early as 1973 and by failing to award him benefits based on that knowledge. FAC, at pp. 6, 7.

The court dismissed plaintiff's original complaint for failure to state a claim and for lack of subject matter jurisdiction. In particular, the court explained that district courts do not ordinarily have jurisdiction over claims made pursuant to FECA. 5 U.S.C. § 8128(b) (providing that the Secretary of Labor's decision regarding an award or denial of benefits is "final and conclusive for all purposes" and "not subject to review by another official of the United States or by a court by mandamus or otherwise."); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985); *Markham*, 434 F.3d at 1188.

Two narrow exceptions exist to this jurisdictional bar. *Markham*, 434 F.3d at 1187. Courts retain jurisdiction to consider (1) constitutional challenges, or (2) claims for violation of a clear statutory mandate or prohibition. *Id.* (citations omitted). The court set forth these jurisdictional bars in its May 24, 2007, dismissal order, and explained that a plaintiff may not

---

[1] The Federal Employees' Compensation Act ("FECA") "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006).

[2] In an effort to clarify some of the incoherent allegations in plaintiff's amended complaint, the court has reviewed this "exhibit" consisting of over eighty pages of documents. These documents include letters from plaintiffs' physicians regarding his condition that date from the early 1970s to present day. The documents also include correspondence and paperwork regarding plaintiff's long-running efforts to receive worker's compensation claims.

transform a "garden variety administrative action into a case of constitutional magnitude" by cloaking it in constitutional terms. *Id.*, at 1187-88 (citing *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996)).

Despite these admonitions, plaintiff filed an amended complaint that makes essentially the same allegations contained in the original complaint. The amended complaint fails to correct the deficiencies outlined by the court in its May 24, 2007, order and confirms that plaintiff merely seeks relief that this court has no jurisdiction to provide.

Again, a district court has no jurisdiction to review FECA claims. 5 U.S.C. § 8128(b). Only two narrow exceptions exist to this jurisdictional bar: (1) a court may consider constitutional challenges such as lack of due process; or, (2) a court may consider claims for violation of a clear statutory mandate or prohibition. *Markham*, 434 F.3d at 1187. *Id.* (citations omitted).

Here, plaintiff alleges no cognizable constitutional challenge to the OWCP's decision denying him benefits. Rather, plaintiff alleges that the "OWCP is violating the constitution or is violating a clear statutory [*sic*] which requires them to consider the mental part of my allegations filed on [form] CA-99 of January 28, 1982." FAC, at 10:23-26. Plaintiff does not invoke any constitutional right, specifically or generally, that was implicated by the actions of the OWCP. Accordingly, plaintiff's vague references to the constitution do not provide sufficient notice under Fed. R. Civ. P. 8 regarding what, if any, constitutional challenges he means to allege against defendant. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

Plaintiff does cite numerous FECA regulations that he alleges the OWCP "violated" in deciding his claim. For example, plaintiff alleges that the OWCP "violated the statute which

3

1  requires them to consider the mental part of my allegations. . . " (FAC, at p. 2) and ignored
2  regulations requiring the OWCP to consider "1973 and 1974 evidence. . . ." FAC, at pp. 2-3.
3  Despite these alleged failures by the OWCP to consider certain regulations, the balance of the
4  amended complaint reveals that plaintiff actually seeks a *de novo* review of the decision and
5  award of benefits.  He continually cites regulations and evidence which he claims supports an
6  award of benefits and asks the court to order the U.S. Postal Service to pay him "loss [*sic*]
7  Workers compensation benefits . . .[and] back interest pay on my loss [*sic*] compensation
8  benefits." FAC, at 14:19-25.  Plaintiff also asks that the court  "upgrade[] [his] annuity from
9  Totally Disability for a Custodial Laborer to Totally Disabled for all job employment." *Id.*
10 Again, the court is without jurisdiction to provide this relief.
11        Further, the alleged failure by the OWCP to consider certain evidence is insufficient to
12 invoke the jurisdictional exception regarding review for "violation of a clear statutory mandate
13 or prohibition." *Markham*, 434 F.3d at 1187;  *see also Staacke v. United States Secretary of*
14 *Labor*, 841 F.2d 278, 282 (9th Cir. 1988) (citing *Leedom v. Kyne*, 358 U.S. 184, 188 (1958) (this
15 exception contemplates actions by an agency "in excess of its delegated powers and contrary to a
16 specific prohibition" in the Act)).   Plaintiff does not allege that the OWCP acted in excess of its
17 powers.  Rather, he alleges disagreement with their application of various regulations.
18 Moreover, although the court has carefully reviewed the amended complaint, it finds no
19 allegations that these purported "violations" by the OWCP violated plaintiff's due process rights.
20        Based on the foregoing, the court finds that the allegations in the amended complaint are
21 insufficient to establish jurisdiction regarding plaintiff's FECA claims.  His allegations are
22 insufficient to invoke either of the two narrow exceptions to the general jurisdictional bar on a
23 district court's review of FECA claims.  However, the court will afford plaintiff one more
24 opportunity to amend his complaint in order to cure these defects as outlined above.
25 ////
26 ////

4

1 Finally, plaintiff alleges jurisdiction pursuant to the Americans with Disabilities Act
2 ("ADA").[3]  Plaintiff alleges that the U.S. Postal Service's denial of his request to relocate to a
3 different office and its eventual termination of his employment constituted unlawful
4 discrimination in violation of the Americans with Disabilities Act ("ADA").  FAC, at p. 5.
5 According to the express terms of the ADA, the U.S. Postal Service is not an "employer" against
6 which such a claims may be brought.  42 U.S.C. § 12111(2), (5)(B)(i).  As a result, defendant's
7 claim brought under the ADA must be dismissed, and it cannot serve as a jurisdictional "hook"
8 for plaintiff's other claims.

9 Should plaintiff choose to file a second amended complaint, he shall limit it to ten (10)
10 pages and shall exclude all unnecessary evidentiary detail.  The complaint in this action
11 illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without
12 simplicity, conciseness and clarity" which "fail to perform the essential functions of a
13 complaint."  *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).  In filing a second
14 amended complaint, plaintiff shall comply with Rule 8 of the Federal Rules of Civil Procedure
15 by alleging a "short and plain statement" of his claim showing entitlement to relief.  Fed. R. Civ.
16 P. 8(a)(2).  Further, he shall allege a "short and plaint statement of the grounds upon which the
17 court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1).

18 Additionally, the court cannot refer to prior pleadings in order to make an amended
19 complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in
20 itself.  This is because, as a general rule, an amended complaint supersedes the original
21 complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files
22 an amended complaint, the original no longer serves any function in the case.  Therefore, "a
23 plaintiff waives all causes of action alleged in the original complaint which are not alleged in the
24 amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and

---

[3] Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. §§ 12101-12213; 47 U.S.C. §§ 225, 711 (1994)).

5

defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

In accordance with the foregoing, IT IS ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The second amended complaint must be limited to ten (10) pages in length and bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed; and,

3. Plaintiff's renewed request for appointment of counsel is denied.

DATED: July 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6